Dear Ms. Bartholomew:
In your capacity as general counsel of the Orleans Parish School Board ("OPSB"), and on behalf of OPSB as duly authorized, you have requested an opinion of this office on whether the student activity fund accounts remain the property of and under the control of the OPSB or now become the property of the Recovery School District ("RSD") and/or the charter schools, via the individual school(s) that RSD or the charter schools will operate.
La. R.S. 17:414.3 requires every public school principal to maintain a school fund for the management of any money which accrues to benefit the school. While the funds are deposited in a single bank account, separate records or ledgers are kept for each of the various sources of deposits, such as a club, organization, association, etc. The money in the school fund is required to "be used according to the purpose for which it was generated or for the purposes selected by the depositing entities" subject to the principal's approval. To further ensure proper management and use of the funds, various restrictions apply to withdrawal of monies from the account, such as a request for withdrawal, two signatures (one of which must be the principal's), and receipts to account for estimated amounts of anticipated need for funds. Fund records are required to be reconciled monthly and reviewed annually by the principal and other administrative staff. The statute further requires a school principal to submit an annual report on the school's fund to the superintendent, and allows a school board to audit a school's fund at any time. *Page 2 
As can be seen from the above summary, the provisions of La. R.S. 17:414.3 are directed at the school and the principal. A school fund is, under the very provisions of the statute that allows its establishment, "any money which accrues to benefit [a] school," specifically to be used to further a specific goal or activity of that school. Thus it is patently the property of a particular school and not the school board. The only authority given to the school board is the oversight necessary to ensure proper management of the school fund through approval of annual school fund reports, and where necessary, further examination through an audit. The principal purpose of the procedures and restrictions on the establishment, management, and use of the funds appears to be to ensure that the funds are used for the purpose for which they were generated or the purpose selected by the donor(s).
Thus it appears that school funds are established as the account of the individual school in whose name the funds are maintained, and not of the school board. The school board is only given oversight authority over proper management and accounting of the funds, and is not given direct access or other rights such as ownership or use of such funds. Furthermore, the school funds are not funded by any monies from the local or state school system. Thus, it is the opinion of this office that a school fund maintained under La. R.S. 17:414.3 belongs to the individual school and not to the school board.
As you correctly point out, La. R.S. 17:414.3 does not provide for contingencies such as those that OPSB faces in the aftermath of Hurricane Katrina. For instance, the statute requires that withdrawals from a school fund can only be made upon the signature of the principal and one other person as specified in the statute. The statute does not provide for cases in which the school has been closed or the principal cannot be located. However, where a school is transferred to the RSD, La. R.S.17:1990 provides for the use and management of all property otherwise belonging to a school, as explained below.
La. R.S. 17:1990(B)(2)(a) authorizes the RSD to provide for the supervision, management, and operation of a school placed under its jurisdiction. The authority to manage and operate a school arguably carries with it the authority to expend the school fund specifically maintained for the management of funds accruing to the benefit of that school. This is further supported by Subsection (B)(4)(a) which specifically vests the RSD with the "right to use any school building and all facilities andproperty otherwise part of the school and recognized as part ofthe facilities or assets of the school prior to its placement in the [RSD]." [Emphasis added.]
Furthermore, "the law requires a fair and genuine construction of legislative acts, a reasonable construction in light of the purpose of the act." La. R.S. 1:3. The stated purpose of La R.S.17:414.3 is for the management of any monies accruing to the benefit of a school and to ensure that the funds are used for the purpose for which the fund was established. Therefore, to allow RSD to maintain control over the school fund belonging to a school that the RSD operates, to be used for the purpose for which it was generated, would be consistent with the stated purpose of La. R.S. 17:414.3. If OPSB *Page 3 
is to gain access to the school fund belonging to a school that OPSB no longer operates, the fund will not be used for that school, and certainly not for the purpose for which it was donated or generated. Such access and use by OPSB therefore would be inconsistent with the statue.
Thus, it is also the opinion of this office that, where a school in Orleans Parish is operated by the RSD, the fund can be used by the RSD so long as the funds are used for the purpose for which they were generated or donated. If the school is operated by a charter, the charter school may similarly have access to the school fund, to be used in accordance with La. R.S. 17:414.3. Where OPSB is operating a school, that school may be given access to the school fund, to be used for the purpose for which the fund was created.
You further ask whether the OPSB can utilize the school funds of those schools that are not going to reopen. In keeping with our above conclusion that a school fund is the property of an individual school, it is the opinion of this office that the school funds of a school that has not yet reopened should not be accessed by any entity until such a time as when it reopens. At such a time, the authority that operates the school (e.g., OPSB, RSD or a charter) may access the school fund belonging to the newly reopened school and use it for purposes as allowed under La. R.S. 17:414.3. To the extent that some schools may not reopen soon, or not reopen at all, the OPSB may wish to seek legislative clarification on the disposition of the funds belonging to such schools. As the legislative intent is for the fund to be used for the benefit of the school in whose name the account is maintained, only the legislature can provide for a different disposition.
Finally, you ask whether a school that has been opened (either through the RSD or through a charter) is responsible for vendors' bills that were incurred by the individual school when it was under OPSB's control for activities that benefited the students then attending that school, or whether OPSB bears that responsibility. Since the school funds are established for the benefit of individual schools, and the statutory accounting procedures require that the funds are accurately accounted for through receipts, record-keeping, etc., control of the funds as well as the financial obligations arising from the use of those funds would rest with the school, and not the school board. In keeping with our above conclusion that the school fund is the property of the individual school, it is the opinion of this office that the newly reopened individual school is responsible for the vendors' bills, to the extent that the bills can be reasonably determined to be for purposes for which the fund was created. *Page 4 
We hope that this sufficiently addresses your concerns, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_____________________ UMA M. SUBRAMANIAN Assistant Attorney General
CCF, Jr.:UMS:lrs